IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
_____ DIVISION

ANGELA HEARD                                                                            PLAINTIFF

VS.                               NO. CV-2012-203-5

DOLLAR GENERAL CORPORATION,
DOLGENCORP, LLC                                                                       DEFENDANTS

AFS:   For Dolgencorp, LLC
       Corporation Service Company
       300 Spring Building, Ste. 900
       300 Spring St.
       Little Rock, AR 72201

       For Dollar General Corporation
       Corporation Service Company
       2908 Poston Ave.
       Nashville, TN 37203-1312

## COMPLAINT

Plaintiff, Angelia Heard, by and through her attorneys, Sutter & Gillham, P.L.L.C, for her Complaint, states:

### PARTIES AND JURISDICTION

1.  Angela Heard (Plaintiff), at all relevant time periods, was a resident and citizen of Jefferson County, Arkansas, who was employed by Defendants in Jefferson County, Arkansas.

2.  Defendant, Dollar General Corporation, and DOLGENCORP, LLC (collectively Dollar General hereinafter) each are foreign entities doing business in the state of Arkansas, who, at all times relevant employed more than 500 people in the state of Arkansas and the United States, and operate over 200 stores in the State of Arkansas. Dolgencorp. is a wholly owned subsidiary of Dollar General Corporation, which manages Dolgencorp, and exercises control over labor functions, HR functions, administrative functions, and the operations of the stores. Thus, Dollar General Corporation is control of Plaintiff's ability to be employed at the Dollar General Stores in Arkansas. They are joint employers of the Plaintiff. Defendants

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 9:10 O'CLOCK A.M
APR 17 2012    DATE
LAFAYETTE WOODS, SR., CLERK

1

employed more than 50 persons within a 75 road miles of Plaintiff's job site during more than 20 weeks of the calendar year in 2009-2011.

3. These claims are brought pursuant to Title VII, the ACRA, the PDA, and the FMLA for an amount exceeding that required for diversity jurisdiction.

## GENERAL ALLEGATIONS OF FACT AND LAW

4. Plaintiff is a female who began working for Defendants in 2006.

5. Plaintiff performed her job satisfactorilty until she was terminated on March 14, 2011.

6. She had suffered no major discipline and her evaluations were good.

7. She was a store manager at the Dollarway location.

8. When her District Managers were gone, other store managers were told to call her if they had questions. She was the training store manager.

9. Plaintiff was up to be District Manager twice. She was in charge of the literacy program for her district.

10. Plaintiff got pregnant.

11. In February 2011, she started having bleeding and was put on bedrest because she was pregnant and in danger of a miscarriage.

12. Plaintiff did have a miscarriage. She was out nearly two weeks for that condition.

13. Plaintiff kept her DM informed of her condition and returned to work.

14. Less than a month later, she was fired.

15. She was told this was because she had failed to protect company assets by not making sure that her Assistant Store Manager (a male who was not pregnant and had not used FMLA leave) had not signed the bank deposit logs, cashier's check balancing slips, and safe fund worksheets. She had trained him to do so. She had asked him if he was doing it and he said yes.

2

He had been previously disciplined for not following money handling procedures, orders regarding them, and the training he had received.

16. When some money came up missing and she and her DM investigated, they found that the Assistant Manager had not followed his training and had lied to her about what he was doing.

17. This came to light in January 2011 before Plaintiff's FMLA leave. Her DM did not want to fire him at the time. However, after Plaintiff took FMLA leave, her DM then claimed he was firing Plaintiff and the Assistant Manager. Yet, this was false because the Assistant Manager was not actually fired, just moved elsewhere. Accordingly, the real reason for the termination was that Plaintiff took FMLA leave in connection with her pregnancy, which is a form of gender discrimination.

18. Upon information and belief, Plaintiff was replaced by a person who was not female, not pregnant and had not used FMLA leave in the last year.

19. While her DM was out, Plaintiff did some DM visits for him to all of his stores and determined that several managers were not following proper procedures on change fund worksheets, register balancing slips, and deposit logs. She informed her DM of this, and no one was fired or even disciplined. These managers were both male, and female, none of whom were pregnant or had used FMLA leave, to Ms. Heard's knowledge.

20. Plaintiff filed an EEOC charge less than 180 days after the relevant misconduct.

21. Plaintiff now files suit less than 90 days after receiving a right to sue letter.

22. All of Defendants' conduct has been in willful, intentional, knowing, malicious, and reckless violation of the law.

<u>COUNT I – GENDER AND PREGNANCY DISCRIMINATION</u>

23. Plaintiff realleges the foregoing paragraphs, as though fully stated herein.

3

24. By virtue of the facts alleged herein, Defendants have discriminated against Plaintiff based on her gender and pregnancy, in violation of the PDA, the ACRA and Title VII

25. As a direct result of Defendants' conduct, Plaintiff has lost wages, endured mental, emotional, and physical suffering, lost fringe benefits, negative references, and incurred medical bills, entitling her to compensatory damages.

26. Defendants has acted in intentional, malicious, and willful violation of the law and should therefore be liable for punitive damages.

## COUNT II – FMLA

27. Plaintiffs reallege the foregoing paragraphs, as though fully stated herein.

28. By virtue of the facts alleged herein, Defendants have violated Plaintiff's rights under the FMLA, by interfering with those rights, by retaliating against her for taking leave, and failing to provide her with notice of her rights and obligations under the FMLA.

29. As a direct and proximate cause of Defendants' acts or omissions as alleged herein, Plaintiff has suffered lost wages, lost fringe benefits, lost earning capacity, mental and emotional suffering, and has incurred expenses that would not otherwise have been incurred.

WHEREFORE, Plaintiff prays for compensatory damages for mental, emotional, and physical suffering under Title VII, PDA and the ACRA, punitive damages under Title VII, PDA and the ACRA, back pay and front pay or reinstatement under all claims, for liquidated damages under the FMLA, for an injunction requiring Defendants to remove all adverse information from Plaintiff's personnel file; training, a 800 hotline, record keeping requirements for claims of discrimination or FMLA violation, for an injunction requiring Defendants to reinstate Plaintiff; for a trial by jury; for reasonable attorneys' fees; for costs; and for all other just and proper relief.

Respectfully Submitted,

SUTTER & GILLHAM P.L.L.C.
Attorneys at Law
310 West Conway Street
P.O. Box 2012
Benton, Arkansas 72018
(501) 315-1910

By: _____
Lucien Gillham, Ark. Bar #99199
lucien.gillham@sbcglobal.net

g:\doc\2011.0114\cplt.doc

5